BAL.17980

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SALVADOR MALDONADO LARA, | § | |
| INDIVIDUALLY, AND AS NEXT | § | |
| FRIEND OF S.M., A MINOR | § | CIVIL ACTION NO. 3:25-cv-899 |
| *Plaintiffs,* | § | |
| | § | JURY DEMAND |
| V. | § | |
| | § | |
| (1) MARK BURWELL and | § | |
| (2) GOLD STAR EXPRESS LLC, | § | |
| *Defendants.* | § | |

**DEFENDANTS MARK BURWELL and GOLD STAR EXPRESS LLC'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **MARK BURWELL and GOLD STAR EXPRESS LLC**

(hereinafter referred to as "Defendants"), in the above entitled and numbered cause, and file this

their Notice of Removal of the above-captioned case. Removal is based on 28 U.S.C. § 1332

(diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

## I.    BACKGROUND

1. On June 26, 2024, Plaintiffs Salvador Maldonado Lara, Individually, and as Next Friend of S.M., a Minor sued Mark Burwell and Gold Star Express LLC, in County Court at Law No. 5, Dallas County, Texas, Cause No. CC-24-04757-E, alleging negligence, personal injuries and damages against Defendants Mark Burwell and Gold Star Express LLC.

2. On April 3, 2025, Plaintiffs' filed their First Amended Petition, in County Court at Law No. 5, Dallas County, Texas, Cause No. CC-24-04757-E.

3. Defendant, Mark Burwell was served with Plaintiff's Original Petition on July 16, 2024.

**DEFENDANTS' NOTICE OF REMOVAL**                                                    **Page 1**

4. Defendant, Gold Star Express LLC was served with Plaintiff's Original Petition on July 16, 2024.

5. On April 3, 2025, Plaintiffs Salvador Maldonado Lara, Individually, and as Next Friend of S.M., a Minor filed their First Amended Petition against Mark Burwell and Gold Star Express LLC, in County Court at Law No. 5, Dallas County, Texas, Cause No. CC-24-04757-E, alleging negligence, personal injuries and damages.

6. Plaintiffs Salvador Maldonado Lara, Individually, and as Next Friend of S.M., a minor are citizen of the State of Texas.

7. Defendant Mark Burrell is a citizen of the State of Georgia

8. Defendant Gold Star Express LLC is organized in the State of Kentucky, with its corporate office and principal place of business in Bowling Green Kentucky.

9. Defendant Mark Burrell filed his Original Answer and Jury Demand on August 5, 2024

10. Defendant Gold Star Express LLC filed its Original Answer and Jury Demand on August 5, 2024.

11. Plaintiff's Original Petition, filed contemporaneously herewith, states that the amount of damages sought was no more than $75,000.00.

12. Plaintiff's First Amended Petition, filed contemporaneously herewith, states that the amount of damages sought is in excess of $250,000.00.

## II.    BASIS FOR REMOVAL

13. Removal is proper under 28 U.S.C. § 1332(a) because Plaintiffs' suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332.  This action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiffs are citizens of the State of Texas,

Defendant Mark Burwell is a citizen of the State of Georgia and Defendant Gold Star Express LLC is organized in the State of Kentucky, with its principal place of business in the State of Kentucky.  Additionally, the amount in controversy exceeds $75,000.

**A.  Complete Diversity Exists.**

14. As this Court is aware, for diversity purposes, a person is considered a citizen of the state where that person is domiciled.  Plaintiffs are persons and domiciled in the State of Texas.  Defendant Mark Burwell is a person and domiciled in the State of Georgia.  Defendant Gold Star Express LLC is not domiciled in the State of Texas, but rather was formed in Kentucky, with its principle place of business in Bowling Green, Kentucky.

15. The only managers listed for Defendant Gold Star Express LLC are located in the State of Kentucky.

16. Because Plaintiffs and Defendants Mark Burwell and Gold Star Express LLC do not share in citizenship in any state, removal is proper on diversity grounds.

17. Defendants are now, and were at the time of the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332.

**B.  The Amount in Controversy Exceeds $75,000.**

18. As previously stated, Plaintiffs filed their First Amended Petition on April 3, 2025.  Plaintiffs identified the amount in controversy to be in excess of $250,000.  Accordingly, Plaintiffs seek damages beyond the threshold amount of $75,000, establishing an amount in controversy to be in excess of $250,000.

19. Accordingly, because this notice of removal has been filed within the time available after Plaintiffs provided their First Amended Petition, providing their claim for relief, this removal is proper and timely under 28 U.S.C. § 1446(b)(3).

20. The United States District Court for the Northern District of Texas, Dallas Divison, embraces Dallas County, Texas, the place where the state court action was filed and is pending.

21. The live pleadings before the state court is Plaintiffs' First Amended Petition and Defendants Mark Burwell and Gold Star Express LLC's Original Answers.  No other motions are pending before the state court.

22. All pleadings, process, orders served upon Defendants in the state court action are attached to this Notice as Exhibit "A," as required by 28 U.S.C. § 1446(a).

23. Defendants Mark Burwell and Gold Star Express LLC hereby demand a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Mark Burwell and Gold Star Express LLC respectfully requests that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may show itself to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH & SHARP LLP**

*/S/ DANIEL M. KARP*
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**MICHAEL A. HEIBEL**
State Bar No. 24116502
mheibel@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANTS**
**MARK BURWELL AND GOLD STAR EXPRESS LLC**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 11th day of April, 2025, a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

**Via ECF**
**Alexander Logan**
Law Offices of Domingo A. Garcia, P.C.
1111 W. Mockingbird Lane
12th Floor, Suite 1200
Dallas, Texas 75247
214-941-8300
214-943-7536
DallasOffice@dgley.com
*Attorney for Plaintiffs*

*/S/ DANIEL M. KARP*
**DANIEL M. KARP**

FILED
6/26/2024 4:18 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-24-04757-E

| | | |
|---|---|---|
| SALVADOR MALDONADO LARA, | § | IN THE COUNTY COURT |
| INDIVIDUALLY, AND AS NEXT | § | |
| FRIEND OF S.M. A MINOR., | § | |
|    *PLAINTIFFS,* | § | |
| | § | |
| VS. | § | AT LAW NO. ____OF |
| | § | |
| MARK BURWELL AND GOLD STAR | § | |
| EXPRESS LLC, | § | |
|    *DEFENDANTS.* | § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, SALVADOR MALDONADO LARA, Individually, and as Next Friend of S.M., a Minor, (hereinafter referred to by name or as "Plaintiffs") complaining of and against MARK BURWELL and GOLD STAR EXPRESS LLC, (hereinafter referred to as by name or collectively as "Defendants") and would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiffs will submit this action under Discovery Control Plan Level III, per Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### RELIEF

2.     Plaintiffs seek civil, monetary relief as determined to be fair and reasonable by the jury hearing this case given the evidence presented in open Court. However, in order to comply with T.R.C.P. 47, Plaintiffs seek relief no more than $75,000.00 from the tortfeasors that should be the determination of the jury in this cause.

ORIGINAL PETITION –ak                                                                                    Page **1** of **8**

## Exhibit A

### III.
### JURISDICTION AND VENUE

3.      This Court has jurisdiction as Plaintiffs' damages are within the jurisdictional limits of this Court.

4.      All or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County; therefore, venue is proper in Dallas County pursuant to C.P.R.C. § 15.002(a)(1).

### IV.
### PARTIES AND SERVICE

5.      Plaintiffs reside in Dallas County, Texas.

6.      Defendant MARK BURWELL (hereafter "Defendant BURWELL") is an individual who may be served with process through the Chairman of the Texas Transportation Commission located at 125 E. 11th St., Austin, TX 78701 and forwarded to his place of residence located at 401 Flowers Creek Dr., McDonough, GA 30253, or wherever he may be found. **Issuance of citation is requested at this time.**

7.      Defendant GOLD STAR EXPRESS LLC (hereafter "Defendant GOLD STAR EXPRESS") is a foreign limited liability company who may be served through the Texas Secretary of State by serving Service of Process, Secretary of State, P.O. Box 12079. Austin, Texas 78711-2079. The Secretary of State may then serve the Defendant GOLD STAR EXPRESS with process by serving its registered agent NEZIC DAMIRA, located at 743 Park Hills St., Bowling Green, KY 42101. **Issuance of citation is requested at this time.**

8.      Plaintiffs specifically invoke their rights to institute this suit against Defendants, or any other name which has been used to designate them, or which they have used. Plaintiffs expressly invoke their rights under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any

ORIGINAL PETITION –ak                                                                          Page **2** of **8**

### Exhibit A

parties are misnamed or not included herein, such event was a misnomer, or such parties are or were "alter-egos" of parties named herein.

## V.
## JURY DEMAND

9.      Plaintiffs respectfully request that a jury be convened to try the factual issues of this case.

## VI.
## FACTS

10.      At all relevant times material hereto, Defendant Burwell was operating a commercial transport and therefore subject to a higher degree of care while in the course and scope of his employment with the codefendant Gold Star Express.

11.      Plaintiffs would show the Court that, on or about May 23, 2023, Plaintiffs were traveling on East Interstate 30 Frontage Road, in the City of Garland, Dallas County, Texas, when the Defendant Burwell who was acting in the course and scope of his employment with Defendant Gold Star Express made suddenly an unsafe lane change, failed to control his speed, keep a proper lookout, execute reasonable evasive maneuvers, and collided into the Plaintiffs' vehicle, causing a collision resulting in Plaintiffs' bodily injuries requiring medical treatments and other damages. Defendant Burwell failed to comply with his duty as a reasonably prudent operator of a commercial vehicle would have under the same or similar circumstances.

12.      It was Defendant's negligence, which was the proximate cause of Plaintiffs' personal injuries and damages.

## VII.
## NEGLIGENCE OF DEFENDANT BURWELL

13.       Defendant's acts and omissions were unjustifiable, unexcused, and constituted negligence, in the following manner, to wit:

        a.        In failing to keep such a lookout as a person of ordinary prudence would have kept

## Exhibit A

under similar circumstances;

b.    In failing to drive attentively;

c.    In failing to apply the brakes to his vehicle in order to avoid a collision with the Plaintiff's vehicle;

d.    In driving recklessly, in violation of Texas Transportation Code § 545.401;

e.    In failing to give warning by sounding his horn, when necessary, in violation of Texas Transportation Code § 552.008(2);

f.    In causing a collision which resulted in personal injury, in violation of Texas Transportation Code § 550.021;

g.    In failing to indicate before changing lanes;

h.    In failing to check side view mirrors and blind spots before changing lanes;

i.    In making an unsafe lane change, in violation of Texas Transportation Code § 545.060(a);

j.    In failing to control the speed of the vehicle and/or in driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351;

k.    In failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated as required under 49 CFR 392.2; and

l.    In failing to identify, predict, decide, and execute evasive maneuvers appropriately in order to avoid the collision;

14.    Each of the above acts and omissions, singularly or in combination with each other was a proximate cause of Plaintiffs sustaining personal injuries and damages that are described below. Defendant had a duty to exercise the degree of care that a reasonably prudent operator of an 18-wheeler would use to avoid harm to others under circumstances similar to these described herein. Plaintiff's injuries were proximately caused by Defendant's negligent and reckless disregard of such duty.

**Exhibit A**

## VIII.
## NEGLIGENCE OF DEFENDANT GOLD STAR EXPRESS

15.    Defendant Gold Star Express is vicariously liable for the negligence of its employee/agent Defendant Burwell as alleged above, under the doctrine of *respondeat superior*, or as a statutory employee, because Defendant Burwell was acting in the course and scope of employment with Defendant Gold Star Express at the time of the wreck or as a statutory employee.

## IX.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION BY DEFENDANT GOLD STAR EXPRESS

16.    Furthermore, Defendant Gold Star Express failed to use the ordinary care that a prudent employer should have used under the same or similar circumstances in hiring, training, supervising, and retaining Defendant Burwell. Such failures constituted negligence and were proximate causes of the incident in question as well as Plaintiffs' personal injuries and damages. Plaintiffs asserts herein claims and causes of action based on Defendant Gold Star Express' negligent hiring, training, supervision, and retention of Defendant Burwell.

## X.
## INJURIES

17.    As a result of the negligent conduct of Defendants, Plaintiffs suffered injuries to their body. Moreover, because of Defendants' negligent acts and/or omissions, Plaintiffs suffered physical impairment as well as physical pain, suffering, and mental anguish. Plaintiffs' ability to administer to their own needs have been seriously diminished, and their ability to attend to customary household duties and occupations will continue to be impaired for a long time. In all reasonable probability, Plaintiffs will continue to suffer in this manner for a long time into the future, if not for the remainder of their natural lives.

## Exhibit A

18.     As a result of their injuries, Plaintiffs required extensive medical treatment and have incurred reasonable and necessary medical expenses. Furthermore, there is more than a reasonable medical probability that Plaintiffs will incur additional medical expenses in the future. By reason of the foregoing injury and damages, Plaintiffs sustained damages in excess of the minimum jurisdictional limits of the Court.

**XI.**
**PLAINTIFFS' REQUEST FOR DEPOSITIONS OF THE DEFENDANT BURWELL AND THE CORPORATE REPRESENTATIVE OF DEFENDANT GOLD STAR EXPRESS**

19.     Plaintiffs hereby request a deposition of Defendant Burwell and the Corporate Representative of Defendant Gold Star Express. Such deposition to be taken in person or remotely as the parties may agree and at a time agreed upon at least sixty-one (61) days after the Defendants' answer day. If no appearance is entered by Defendants, Plaintiffs will serve notice of the deposition and items to be produced, along with an electronic link for remote appearance, if any, at the address where Defendants were served. If Defendants enter an appearance, Plaintiffs request the Defendants or their representatives provide dates for said deposition within five (5) days of the answer date, or Plaintiffs will send notice of the deposition to begin on the 61st day after Defendants' Answer is due or is filed.

**XII.**
**NOTICE OF USE OF DOCUMENTS**

20.     Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiffs hereby give notice to Defendants that they intend to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

**Exhibit A**

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer in this cause and that, upon final verdict, Plaintiffs be awarded a Final Judgment against Defendants, jointly and severally, for no more than $75,000.00 for the following:

    a.    Actual paid or incurred medical bills, all of which are necessary and reasonable for these types of services;

    b.    Future medical care expenses in an amount found to be reasonable and just by the trier of fact;

    c.    Monetary damages for past and future physical pain and suffering found to be reasonable and just by the trier of fact;

    d.    Monetary damages for past and future mental anguish found to be reasonable and just by the trier of fact;

    e.    Monetary damages for past and future physical impairment as found to be reasonable and just by the trier of fact;

    f.    Monetary damages for past and future lost wages;

    g.    Past and future loss of earning capacity, in amount to be determined by the trier of fact;

    h.    Property Damages;

    i.    Pre- and post-Judgment interest at the maximum legal rate on all sums awarded herein until paid in full;

    j.    Costs of Court; and

    k.    Such other and further relief, at law or in equity, specific or general, to which Plaintiffs may be justly entitled.

## Exhibit A

Respectfully Submitted,

**LAW OFFICES OF DOMINGO A. GARCIA, P.C.**

By: /s/ *Alexander Logan*
Domingo A. Garcia
State Bar No. 07631950
Alexander Logan
State Bar No.24125965
1111 W. Mockingbird Ln.
12th Floor, Suite #1200
Dallas, Texas 75247
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: DallasOffice@dgley.com

**ATTORNEYS FOR PLAINTIFFS**

**Exhibit A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Micaela Escalona on behalf of Alexander Logan
Bar No. 24125965
mescalona@dgley.com
Envelope ID: 89231010
Filing Code Description: Ody - Original Petition (OCA - New Case Filed)
Filing Description:
Status as of 7/2/2024 1:35 PM CST

Associated Case Party: Salvador SALVADOR MALDONADO LARA,

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| 4T1 Dallas | | 4t1@dgley.com | 6/26/2024 4:18:01 PM | SENT |
| Micaela Escalona | | mescalona@dgley.com | 6/26/2024 4:18:01 PM | SENT |
| Dallas Office | | dallasoffice@dgley.com | 6/26/2024 4:18:01 PM | SENT |

**Exhibit A**

FILED
8/5/2024 1:30 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

BAL.17980

## CAUSE NO. CC-24-04757-E

| | | |
|---|---|---|
| **SALVADOR MALDONADO LARA,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY, AND AS NEXT** | § | |
| **FRIEND OF S.M. A MINOR,** | § | |
| *Plaintiffs,* | § | |
| | § | **AT LAW NO. 5 OF** |
| **vs.** | § | |
| | § | |
| **MARK BURWELL AND GOLD STAR** | § | |
| **EXPRESS LLC,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT MARK BURWELL'S
## ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARK BURWELL**, a named Defendant in the above entitled and numbered cause, and files this his Original Answer and Jury Demand, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

### III.
### AFFIRMATIVE DEFENSES

3. Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party

DEFENDANT MARK BURWELL'S ORIGINAL ANSWER AND JURY DEMAND

Page 1

# Exhibit A

and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiffs' claims and alleged damages.

4.      Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiffs, if any, were proximately caused in whole or in part by the conduct of Plaintiffs or by any other party, settling party, designated responsible third party and/or non-party.  Defendant asserts that he is entitled to a reduction of damages awarded to the Plaintiffs, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5.      Defendant affirmatively pleads that he is entitled to an offset and credit in the amount of any settlements obtained by Plaintiffs for the claims in this matter from any other parties.

6.      Defendant would show that Plaintiffs are limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7.      Defendant would show that Plaintiffs are limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8.      Defendant asserts that any award to Plaintiffs should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9.      Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiff.  Defendant would show that Plaintiffs' claims of physical

**DEFENDANT MARK BURWELL'S ORIGINAL ANSWER AND JURY DEMAND**

**Page 2**

**Exhibit A**

and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the basis of this lawsuit.

10.    Defendant contends that Plaintiffs did not use ordinary care in reducing or avoiding their alleged damages, and thus failed to mitigate their damages, if any.

## IV.
## PUNITIVE AND STATUTORY DAMAGES AND FINES

11.    Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering punitive damages from this Defendant.  In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiffs seek.  Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## V.
## OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE

12.    Defendant objects to Plaintiff's Rule 193.7 Notice contained in Plaintiffs' Original Petition as premature and improper.  Tex. R. Civ. P. 193.7 provides a producing party ten (10) days from the date actual notice that a document will be used to object to the authenticity of a document.  Defendant has been provided with no actual notice of Plaintiffs' intent to use any particular document, and thus has no ability to object to such document's authenticity.  As discovery is just beginning in this matter, Defendant cannot conceive the scope and or breadth of the documents which may be produced in this litigation, and therefore does not waive its right to raise a good faith objection to the authenticity of a document or portion of a document which may nonetheless be responsive to Plaintiffs' written discovery

**DEFENDANT MARK BURWELL'S ORIGINAL ANSWER AND JURY DEMAND**

**Page 3**

# Exhibit A

requests.  Additionally, Defendant's notice period to object to Plaintiffs' general notice expired

*before* the date its responsive pleading to the Original Petition is due.

**VI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant **MARK BURWELL** prays

that the Plaintiffs take nothing by this suit, that Defendant goes hence with his costs without

delay, and for such other and further relief, both general and special, at law and in equity, to

which Defendant may show himself justly entitled.

Respectfully submitted,

**FEE, SMITH & SHARP LLP**

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**MICHAEL A. HEIBEL**
State Bar No. 24116502
mheibel@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**
**MARK BURWELL**

**Exhibit A**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 5th day of August 2024.

**Via ECF:**
Domingo A. Garcia
Alexander Logan
Law Offices of Domingo A. Garcia, P.C.
1111 W. Mockingbird Lane
12th Floor, Suite 1200
Dallas, Texas  75247
214-941-8300
214-943-7536 – fax
DallasOffice@dgley.com
*Attorneys for Plaintiffs*


_____
**DANIEL M. KARP**

**Exhibit A**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 90537275
Filing Code Description: Ody - Original Answer - General Denial
Filing Description:
Status as of 8/6/2024 2:18 PM CST

Associated Case Party: MARK BURWELL

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Heibel | | mheibel@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 8/5/2024 1:30:28 PM | SENT |

Associated Case Party: GOLD STAR EXPRESS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Heibel | | mheibel@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 8/5/2024 1:30:28 PM | SENT |

Associated Case Party: SALVADOR MALDONADO LARA, INDIVIDUALLY AND AS NEXT FRIEND OF A MINOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Office | | dallasoffice@dgley.com | 8/5/2024 1:30:28 PM | SENT |
| 4T1 Dallas | | 4t1@dgley.com | 8/5/2024 1:30:28 PM | SENT |
| Micaela Escalona | | mescalona@dgley.com | 8/5/2024 1:30:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sheila Daniel | | sdaniel@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Jordyn Steer | | jsteer@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Shannon Davis | | sdavis@feesmith.com | 8/5/2024 1:30:28 PM | SENT |

**Exhibit A**

FILED
8/5/2024 1:30 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:25-cv-00899-BN    Document 1    Filed 04/11/25    Page 21 of 36    PageID 21

BAL.17980

## CAUSE NO. CC-24-04757-E

| | | |
|---|---|---|
| **SALVADOR MALDONADO LARA,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY, AND AS NEXT** | § | |
| **FRIEND OF S.M. A MINOR,** | § | |
| *Plaintiffs,* | § | |
| | § | **AT LAW NO. 5 OF** |
| **vs.** | § | |
| | § | |
| **MARK BURWELL AND GOLD STAR** | § | |
| **EXPRESS LLC,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT GOLD STAR EXPRESS LLC'S
## ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GOLD STAR EXPRESS LLC**, a named Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

### III.
### AFFIRMATIVE DEFENSES

3. Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party

DEFENDANT GOLD STAR EXPRESS LLC'S ORIGINAL ANSWER AND JURY DEMAND

**Page 1**

## Exhibit A

and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiffs' claims and alleged damages.

4.      Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiffs, if any, were proximately caused in whole or in part by the conduct of Plaintiffs or by any other party, settling party, designated responsible third party and/or non-party.  Defendant asserts that it is entitled to a reduction of damages awarded to the Plaintiffs, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5.      Defendant affirmatively pleads that it is entitled to an offset and credit in the amount of any settlements obtained by Plaintiffs for the claims in this matter from any other parties.

6.      Defendant would show that Plaintiffs are limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7.      Defendant would show that Plaintiffs are limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8.      Defendants asserts that any award to Plaintiffs should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9.      Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiffs.  Defendant would show that Plaintiffs' claims of physical

**DEFENDANT GOLD STAR EXPRESS LLC'S ORIGINAL ANSWER AND JURY DEMAND**

**Exhibit A**

and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the basis of this lawsuit.

10.     Defendant contends that Plaintiffs did not use ordinary care in reducing or avoiding their alleged damages, and thus failed to mitigate their damages, if any.

## IV.
## PUNITIVE AND STATUTORY DAMAGES AND FINES

11.     Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering punitive damages from this Defendant.  In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiffs seek.  Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## V.
## OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE

12.     Defendant objects to Plaintiff's Rule 193.7 Notice contained in Plaintiffs' Original Petition as premature and improper.  Tex. R. Civ. P. 193.7 provides a producing party ten (10) days from the date actual notice that a document will be used to object to the authenticity of a document.  Defendant has been provided with no actual notice of Plaintiffs' intent to use any particular document, and thus has no ability to object to such document's authenticity.  As discovery is just beginning in this matter, Defendant cannot conceive the scope and or breadth of the documents which may be produced in this litigation, and therefore does not waive its right to raise a good faith objection to the authenticity of a document or portion of a document which may nonetheless be responsive to Plaintiffs' written discovery

**DEFENDANT GOLD STAR EXPRESS LLC'S ORIGINAL ANSWER AND JURY DEMAND**

**Page 3**

## Exhibit A

requests.  Additionally, Defendant's notice period to object to Plaintiffs' general notice expired *before* the date its responsive pleading to the Original Petition is due.

**VI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant **GOLD STAR EXPRESS LLC** pray that the Plaintiffs take nothing by this suit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH & SHARP LLP**

*[signature]*

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**MICHAEL A. HEIBEL**
State Bar No. 24116502
mheibel@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**
**GOLD STAR EXPRESS LLC**

DEFENDANT GOLD STAR EXPRESS LLC'S ORIGINAL ANSWER AND JURY DEMAND

**Page 4**

**Exhibit A**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 5th day of August 2024.

**Via ECF:**
Domingo A. Garcia
Alexander Logan
Law Offices of Domingo A. Garcia, P.C.
1111 W. Mockingbird Lane
12th Floor, Suite 1200
Dallas, Texas  75247
214-941-8300
214-943-7536 – fax
DallasOffice@dgley.com
*Attorneys for Plaintiffs*


**DANIEL M. KARP**

## Exhibit A

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sheila Daniel on behalf of Dan Karp
Bar No. 24012937
sdaniel@feesmith.com
Envelope ID: 90537275
Filing Code Description: Ody - Original Answer - General Denial
Filing Description:
Status as of 8/6/2024 2:18 PM CST

Associated Case Party: SALVADOR MALDONADO LARA, INDIVIDUALLY AND AS NEXT FRIEND OF A MINOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Office | | dallasoffice@dgley.com | 8/5/2024 1:30:28 PM | SENT |
| 4T1 Dallas | | 4t1@dgley.com | 8/5/2024 1:30:28 PM | SENT |
| Micaela Escalona | | mescalona@dgley.com | 8/5/2024 1:30:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sheila Daniel | | sdaniel@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Jordyn Steer | | jsteer@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Shannon Davis | | sdavis@feesmith.com | 8/5/2024 1:30:28 PM | SENT |

Associated Case Party: MARK BURWELL

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Heibel | | mheibel@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 8/5/2024 1:30:28 PM | SENT |

Associated Case Party: GOLD STAR EXPRESS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Heibel | | mheibel@feesmith.com | 8/5/2024 1:30:28 PM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 8/5/2024 1:30:28 PM | SENT |

**Exhibit A**



**JUDGE NICOLE TAYLOR**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L. ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-6503**

CHAMBERS OF JUDGE NICOLE TAYLOR

OCTOBER 09, 2024

DANIEL M KARP
FEE SMITH & SHARP LLP
13155 NOEL RD  STE 1000
DALLAS  TX  75240

## NOTICE OF JURY TRIAL

Cause No.:              CC-24-04757-E

Style of case:          SALVADOR MALDONADO LARA, INDIVIDUALLY AND AS NEXT FRIEND OF A MINOR vs. MARK BURWELL, GOLD STAR EXPRESS LLC

All Counsel of Record:

The parties are instructed to cross-serve this notice on all adverse parties in compliance with the Texas Rules of Civil Procedure 21a.

Please take note of the following settings:

    Jury Trial:                May 06, 2025 @ 9:30 AM

Trial announcements in ALL cases must be made in accordance with Local Rule 3.02(a).  WHEN NO ANNOUNCEMENT IS MADE FOR PLAINTIFF, THE CASE MAY BE DISMISSED FOR WANT OF PROSECUTION.

An agreed or unopposed motion for continuance, even for a first trial setting, will NOT automatically be granted. Counsel (or pro se parties) are responsible for contacting court personnel to determine if a continuance has been granted or denied. FAILURE TO APPEAR FOR TRIAL MAY RESULT IN CASE DISMISSAL OR DEFAULT JUDGMENT, AND EVEN AN AGREED OR UNOPPOSED MOTION TO REINSTATE WILL NOT BE AUTOMATICALLY GRANTED.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County from the County Clerk's Office and at www.dallascourts.com.

Sincerely,

Judge Nicole Taylor
County Court at Law No. 5

**\*Because we no longer maintain paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

# Exhibit A



**JUDGE NICOLE TAYLOR**
**COUNTY COURT LAW NO. 5**
600 COMMERCE STREET
DALLAS, TEXAS 75202

**October 09, 2024**

DANIEL M KARP
FEE SMITH & SHARP LLP
13155 NOEL RD STE 1000
DALLAS TX 75240

**Cause No. CC-24-04757-E**

**SALVADOR MALDONADO LARA, INDIVIDUALLY AND AS NEXT FRIEND OF A MINOR**

   *Plaintiff(s)*

vs.

**MARK BURWELL; GOLD STAR EXPRESS LLC**

   *Defendant(s)*

## PRE-TRIAL NOTICE

The hearing on the JURY TRIAL has been set for a hearing on:

**May 05, 2025 @ 1:30 PM**

in County Court at Law No. 5, George Allen Courts Building; 600 Commerce, 5th floor, Dallas, Texas.

Signed this the 9th day of October, 2024

_____
PRESIDING JUDGE
County Court at Law No. 5

**Exhibit A**

FILED
4/3/2025 4:11 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. <u>CC-24-04757-E</u>

| | | |
|---|---|---|
| **SALVADOR MALDONADO LARA,** | § | **IN THE COUNTY COURT** |
| **INDIVIDUALLY, AND AS NEXT** | § | |
| **FRIEND OF S.M. A MINOR.,** | § | |
| *PLAINTIFFS,* | § | |
| | § | |
| **VS.** | § | **AT LAW NO.  5 OF** |
| | § | |
| **MARK BURWELL AND GOLD STAR** | § | |
| **EXPRESS LLC,** | § | |
| *DEFENDANTS.* | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFFS' FIRST AMENDED PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, SALVADOR MALDONADO LARA, Individually, and as Next Friend of S.M., a Minor, (hereinafter referred to by name or as "Plaintiffs") complaining of and against MARK BURWELL and GOLD STAR EXPRESS LLC, (hereinafter referred to as by name or collectively as "Defendants") and would respectfully show unto the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1.     Plaintiffs will submit this action under Discovery Control Plan Level III, per Rule 190.4 of the Texas Rules of Civil Procedure.

**II.**
**RELIEF**

2.     Plaintiffs seek civil, monetary relief as determined to be fair and reasonable by the jury hearing this case given the evidence presented in open Court. However, in order to comply with T.R.C.P. 47, Plaintiffs seek relief in excess of $250,000.00 from the tortfeasors that should be the determination of the jury in this cause.

## Exhibit A

## III.
## JURISDICTION AND VENUE

3.      This Court has jurisdiction as Plaintiffs' damages are within the jurisdictional limits of this

Court.

4.      All or a substantial part of the events or omissions giving rise to this claim occurred in

Dallas County; therefore, venue is proper in Dallas County pursuant to C.P.R.C. § 15.002(a)(1).

## IV.
## PARTIES AND SERVICE

5.      Plaintiffs reside in Dallas County, Texas.

6.      Defendant MARK BURWELL (hereafter "Defendant BURWELL") **has been served and**

**answered herein**.

7.       Defendant GOLD STAR EXPRESS LLC (hereafter "Defendant GOLD STAR

EXPRESS") **has been served and answered herein**.

8.      Plaintiffs specifically invoke their rights to institute this suit against Defendants, or any

other name which has been used to designate them, or which they have used. Plaintiffs expressly

invoke their rights under Rule 28 of the Texas Rules of Civil Procedure to have the true name of

this party substituted at a later time upon the motion of any party or of the Court. In the event any

parties are misnamed or not included herein, such event was a misnomer, or such parties are or

were "alter-egos" of parties named herein.

## V.
## JURY DEMAND

9.      Plaintiffs respectfully request that a jury be convened to try the factual issues of this case.

## Exhibit A

## VI.
## FACTS

10. At all relevant times material hereto, Defendant Burwell was operating a commercial transport and therefore subject to a higher degree of care while in the course and scope of his employment with the codefendant Gold Star Express.

11. Plaintiffs would show the Court that, on or about May 23, 2023, Plaintiffs were traveling on East Interstate 30 Frontage Road, in the City of Garland, Dallas County, Texas, when the Defendant Burwell who was acting in the course and scope of his employment with Defendant Gold Star Express made suddenly an unsafe turn or lane change, failed to control his speed, keep a proper lookout, execute reasonable evasive maneuvers, and collided into the Plaintiffs' vehicle, causing a collision resulting in Plaintiffs' bodily injuries requiring medical treatments and other damages. Defendant Burwell failed to comply with his duty as a reasonably prudent operator of a commercial vehicle would have under the same or similar circumstances.

12. It was Defendant's negligence, which was the proximate cause of Plaintiffs' personal injuries and damages.

## VII.
## NEGLIGENCE OF DEFENDANT BURWELL

13. Defendant's acts and omissions were unjustifiable, unexcused, and constituted negligence, in the following manner, to wit:

 a. In failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances;

 b. In failing to drive attentively;

 c. In failing to apply the brakes to his vehicle in order to avoid a collision with the Plaintiff's vehicle;

 d. In driving recklessly, in violation of Texas Transportation Code § 545.401;

## Exhibit A

e.  In failing to give warning by sounding his horn, when necessary, in violation of Texas Transportation Code § 552.008(2);

f.  In causing a collision which resulted in personal injury, in violation of Texas Transportation Code § 550.021;

g.  In failing to indicate before changing lanes;

h.  In failing to check side view mirrors and blind spots before changing lanes;

i.  In making an unsafe lane change, in violation of Texas Transportation Code § 545.060(a);

j.  In failing to control the speed of the vehicle and/or in driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351;

k.  In failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated as required under 49 CFR 392.2; and

l.  In failing to identify, predict, decide, and execute evasive maneuvers appropriately in order to avoid the collision;

14.  Each of the above acts and omissions, singularly or in combination with each other was a proximate cause of Plaintiffs sustaining personal injuries and damages that are described below. Defendant had a duty to exercise the degree of care that a reasonably prudent operator of an 18-wheeler would use to avoid harm to others under circumstances similar to these described herein. Plaintiff's injuries were proximately caused by Defendant's negligent and reckless disregard of such duty.

## VIII.
## NEGLIGENCE OF DEFENDANT GOLD STAR EXPRESS

15.  Defendant Gold Star Express is vicariously liable for the negligence of its employee/agent Defendant Burwell as alleged above, under the doctrine of *respondeat superior*, or as a statutory employee, because Defendant Burwell was acting in the course and scope of employment with Defendant Gold Star Express at the time of the wreck or as a statutory employee.

**Exhibit A**

## IX.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION BY DEFENDANT GOLD STAR EXPRESS

16.    Furthermore, Defendant Gold Star Express failed to use the ordinary care that a prudent employer should have used under the same or similar circumstances in hiring, training, supervising, and retaining Defendant Burwell. Such failures constituted negligence and were proximate causes of the incident in question as well as Plaintiffs' personal injuries and damages. Plaintiffs asserts herein claims and causes of action based on Defendant Gold Star Express' negligent hiring, training, supervision, and retention of Defendant Burwell.

## X.
## INJURIES

17.    As a result of the negligent conduct of Defendants, Plaintiffs suffered injuries to their body. Moreover, because of Defendants' negligent acts and/or omissions, Plaintiffs suffered physical impairment as well as physical pain, suffering, and mental anguish. Plaintiffs' ability to administer to their own needs have been seriously diminished, and their ability to attend to customary household duties and occupations will continue to be impaired for a long time. In all reasonable probability, Plaintiffs will continue to suffer in this manner for a long time into the future, if not for the remainder of their natural lives.

18.    As a result of their injuries, Plaintiffs required extensive medical treatment and have incurred reasonable and necessary medical expenses. Furthermore, there is more than a reasonable medical probability that Plaintiffs will incur additional medical expenses in the future. By reason of the foregoing injury and damages, Plaintiffs sustained damages in excess of the minimum jurisdictional limits of the Court.

## Exhibit A

## XI.
## PLAINTIFFS' REQUEST FOR DEPOSITIONS OF THE DEFENDANT BURWELL AND THE CORPORATE REPRESENTATIVE OF DEFENDANT GOLD STAR EXPRESS

19.     Plaintiffs hereby request a deposition of Defendant Burwell and the Corporate Representative of Defendant Gold Star Express. Such deposition to be taken in person or remotely as the parties may agree and at a time agreed upon at least sixty-one (61) days after the Defendants' answer day. If no appearance is entered by Defendants, Plaintiffs will serve notice of the deposition and items to be produced, along with an electronic link for remote appearance, if any, at the address where Defendants were served. If Defendants enter an appearance, Plaintiffs request the Defendants or their representatives provide dates for said deposition within five (5) days of the answer date, or Plaintiffs will send notice of the deposition to begin on the 61st day after Defendants' Answer is due or is filed.

## XII.
## NOTICE OF USE OF DOCUMENTS

20.     Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiffs hereby give notice to Defendants that they intend to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer in this cause and that, upon final verdict, Plaintiffs be awarded a Final Judgment against Defendants, jointly and severally, for the following:

   a.     Actual paid or incurred medical bills, all of which are necessary and reasonable for these types of services;

   b.     Future medical care expenses in an amount found to be reasonable and just by the

## Exhibit A

trier of fact;

c.    Monetary damages for past and future physical pain and suffering found to be reasonable and just by the trier of fact;

d.    Monetary damages for past and future mental anguish found to be reasonable and just by the trier of fact;

e.    Monetary damages for past and future physical impairment as found to be reasonable and just by the trier of fact;

f.    Monetary damages for past and future lost wages;

g.    Past and future loss of earning capacity, in amount to be determined by the trier of fact;

h.    Property Damages;

i.    Pre- and post-Judgment interest at the maximum legal rate on all sums awarded herein until paid in full;

j.    Costs of Court; and

k.    Such other and further relief, at law or in equity, specific or general, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO A. GARCIA, P.C.**

By: /s/ *Alexander Logan*
Domingo A. Garcia
State Bar No. 07631950
Alexander Logan
State Bar No.24125965
1111 W. Mockingbird Ln.
12th Floor, Suite #1200
Dallas, Texas 75247
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: DallasOffice@dgley.com

**ATTORNEYS FOR PLAINTIFFS**

**Exhibit A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kiarra Brito on behalf of Alexander Logan
Bar No. 24125965
kbrito@dgley.com
Envelope ID: 99260776
Filing Code Description: Amended Filing
Filing Description: FIRST
Status as of 4/8/2025 1:52 PM CST

Associated Case Party: MARK BURWELL

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Heibel | | mheibel@feesmith.com | 4/3/2025 4:11:10 PM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 4/3/2025 4:11:10 PM | SENT |

Associated Case Party: GOLD STAR EXPRESS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael Heibel | | mheibel@feesmith.com | 4/3/2025 4:11:10 PM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 4/3/2025 4:11:10 PM | SENT |

Associated Case Party: SALVADOR MALDONADO LARA, INDIVIDUALLY AND AS NEXT FRIEND OF A MINOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dallas Office | | dallasoffice@dgley.com | 4/3/2025 4:11:10 PM | SENT |
| 4T1 Dallas | | 4t1@dgley.com | 4/3/2025 4:11:10 PM | SENT |
| Micaela Escalona | | mescalona@dgley.com | 4/3/2025 4:11:10 PM | SENT |
| Kiarra Brito | | kbrito@dgley.com | 4/3/2025 4:11:10 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sheila Daniel | | sdaniel@feesmith.com | 4/3/2025 4:11:10 PM | SENT |
| Catrina Linscomb | | clinscomb@feesmith.com | 4/3/2025 4:11:10 PM | SENT |
| Kristy Roberts | | kroberts@feesmith.com | 4/3/2025 4:11:10 PM | SENT |

## Exhibit A